UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARY PRICE,<br><br>Defendant. | No. 2:23-CR-0119-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Mary Price's ("Defendant") Motion for Early Termination of Supervised Release. (ECF No. 4.) For following reasons, the Court GRANTS Defendant's motion.

On February 20, 2019, Defendant pleaded guilty to attempt to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). (ECF No. 2 at 4.) On February 21, 2019, Defendant was sentenced to a 96-month term of imprisonment and a 48-month term of supervised release. (*Id.* at 21.) On September 18, 2025, Defendant filed the instant motion for early termination of supervised release. (ECF No. 4.) No opposition was filed.

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is

1  warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18
2  U.S.C. § 3583(e)(1)). Defendant has the burden to demonstrate that early termination of
3  supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

4      Defendant requests early termination of supervised release based on her exemplary
5  conduct on supervised release. (ECF 4.) Defendant has served over two and half years of her
6  supervisory term, which is set to end in February 2027, and has paid all monetary penalties. (*Id.*
7  at 1, 4.) In addition, Defendant has passed all drug tests, maintained stable employment, and
8  developed skills to continue living lawfully outside of supervision. (*Id.* at 4.) Defendant
9  represents that Probation and the Government are unopposed to the early termination of
10 Defendant's supervised release. (*Id.*) Based on the Government's non-opposition, the support of
11 Defendant's probation officer, and Defendant's exemplary conduct for over two years while on
12 supervised release, the Court finds Defendant has met her burden to show that early termination
13 of supervised release is warranted pursuant to 18 U.S.C. § 3583(e). *Emmett*, 749 F.3d at 819.

14     Accordingly, Defendant's Motion for Early Termination of Supervised Release is hereby
15 GRANTED. (ECF No. 4.)

16     IT IS SO ORDERED.
17 Date: September 22, 2025
18                                        TROY L. NUNLEY
19                                        CHIEF UNITED STATES DISTRICT JUDGE